FILED
 2017 Mar-03  PM 01:20
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WHOLESALECARS.COM,** | ] |
| **Plaintiff,** | ] |
| v. | ] |
| | ] **CASE NO.: 2:16-cv-00155-KOB** |
| **CORY HUTCHERSON,** | ] |
| **Defendant.** | ] |

**MEMORANDUM OPINION AND ORDER**

Before the court is Bankruptcy Trustee Rocco J. Leo's "Motion to Substitute Party," (doc. 11), and Wholesalecars.com's "Response to Order to Show Cause," (doc. 16). For the reasons discussed below, the court **CONSTRUES** Mr. Leo's motion as a motion to intervene and **GRANTS** the motion. After reviewing Wholesalecars.com's response to the order to show cause, the court **FINDS** that the arbitral award was final and that this case should not be stayed or compelled to arbitration at this point.

**I.    BACKGROUND**

Wholesalecars.com terminated Cory Hutcherson's employment, and Ms. Hutcherson filed suit in the Northern District of Alabama on September 11, 2013, alleging that the company had illegally discriminated against her by firing her because she was pregnant.[1] The court compelled the case to arbitration, and Ms. Hutcherson initiated an arbitration of her claim with the American Arbitration Association.

---

[1] Case No. 14-1382.

After an arbitration hearing, Ms. Hutcherson filed for Chapter 7 bankruptcy. Ms. Hutcherson allegedly did not disclose the existence of her cause of action against Wholesalecars.com in her bankruptcy proceeding despite having several opportunities to do so. Ms. Hutcherson also allegedly did not disclose the existence of the bankruptcy proceeding to the arbitrator. The bankruptcy court discharged approximately $150,000 of Ms. Hutcherson's debts, and the arbiter found in favor of her on her discrimination claim, awarding her $116,677.22, plus attorney fees and costs.

Wholesalecars.com then commenced this action to vacate the arbitration award. Rocoo Leo, as trustee of Ms. Hutcherson's bankruptcy estate, filed a motion to substitute himself for Ms. Hutcherson as the real party in interest. Mr. Leo also filed a response to Wholesalecars.com's petition. After reviewing Mr. Leo's answer, the court ordered Wholesalecars.com to show cause why: 1) the court should not grant Mr. Leo's motion to substitute parties; 2) the court should not dismiss this case for lack of jurisdiction because the interim arbitration award in this case is not a final arbitral award and thus not proper for review by this court at this time; 3) the court should not grant Mr. Leo's motion to compel arbitration; and/or 4) stay this case until the Eleventh Circuit denies the petition for rehearing or issues a decision upon rehearing in *Slater v. U.S. Steel Corp*. The court will now consider these issues, as well as Mr. Leo's motion to substitute parties.

## II.    DISCUSSION

### A.    Motion to Substitute Parties

Mr. Leo argues that as the trustee of Ms. Hutcherson's bankruptcy estate, he is the real party in interest to Ms. Hutcherson's claim against Wholesalecars.com. Accordingly, Mr. Leo has

2

moved to be substituted for Ms. Hutcherson under Fed. R. Civ. P. 17(a) in this action by Wholesalecars.com to vacate the arbitration award issued in favor of Mr. Hutcherson.

Mr. Leo's motion is procedurally improper. Fed. R. Civ. P. 17(a) provides that "[e]very action shall be prosecuted in the name of the real party in interest." The determination of whether a party is a "real party in interest" is limited to consideration of whether a *plaintiff* has an enforceable right upon which to claim relief. *See Gardetto v. Mason*, 854 F. Supp. 1520, 1544 (D. Wyo. 1994) ("[I]t is improper for a defendant to complain that it is not the real party in interest."); 6A Charles A. Wright et al., *Federal Practice and Procedure* § 1542 (3d ed.) ("Rule 17(a) is limited to plaintiffs."). Because Ms. Hutcherson is not the plaintiff in this action, she cannot be the real party in interest.

However, Fed. R. Civ. P. 24(a) permits a party, upon timely motion, to intervene in an action if the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Here, Mr. Leo, as trustee of the bankruptcy estate, has an interest in whether the arbitration award in favor of Ms. Hutcherson is vacated, as that award should be an asset of the estate. Adjudicating this dispute without the presence of the trustee would impair Mr. Leo's ability to protect the estate's interest. Further, Ms. Hutcherson does not adequately represent the estate's interest, as her incentive to recover for herself diverges from the trustee's obligation to ensure that her creditors are repaid. The court also notes that Wholesalecars.com has no objection to the trustee joining the case. (Doc. 16 at 5). Therefore, the court **CONSTRUES** Mr. Leo's motion as a motion to intervene and **GRANTS** the motion.

### B. Finality of the Arbitration Award

Having determined that Mr. Leo is a proper party, the court now considers the arguments raised by Mr. Leo and Wholesalecars.com's response.

Mr. Leo argues that "the Arbitrator's 'interim decision' was not a final order" because the award provided it would only become final if Ms. Hutcherson did not make a request for attorney's fees. (Doc. 12 at 6). However, Mr. Leo misreads the arbitration award. The entire award's finality is not conditioned upon whether a request for fees is made. Rather, the award makes a final judgment as to Wholesalecars.com's liability to Ms. Hutcherson, the actual damages owed her, and her entitlement to attorney's fees, and reserves ruling on the question of the *amount* of those fees. For that limited purpose, the arbitrator retained jurisdiction. (Doc. 1-7) ("[T]he arbitrator's jurisdiction over the issue of attorney's fees and expenses shall be extended for so long as necessary to resolve it."). The award explicitly stated that it was made "in full settlement of all claims and counterclaims submitted to this Arbitration, except the claims for attorney's fees and costs." (Doc. 1-7 at 24).

An arbiter's "award cannot be final if significant issues still need to be determined." *Legion Ins. Co. v. VCW, Inc.*, 198 F.3d 718, 720 (8th Cir. 1999). Therefore, the question is whether calculation of attorney's fees is a "significant issue" that should prevent an award from being considered final.

The Eleventh Circuit has strongly implied that such an award is final. *See Schatt v. Aventura Limoousine & Transp. Serv., Inc.*, 603 Fed. Appx. 881, 888 (11th Cir. 2015). In *Schatt*, the Eleventh Circuit reversed a district court's judgment that an arbitration award was final. The award decided liability but reserved calculation of actual damages. The Eleventh Circuit

distinguished the cases relied upon by the district court where the only remaining question was the calculation of attorney's fees in determining that the award was not final. *Id*. ("Unlike these cases, Schatt's ongoing arbitration involved far more remaining work than merely the calculation of attorney's fees."). The Court's reasoning suggests that an award is not final if it does not include a calculation of actual damages, but is final if to resolves liability and damages, despite not containing a calculation of attorney's fees.

A helpful analogy can be drawn with the final judgment rule. In determining whether a court's order is final or interlocutory, the Supreme Court has said the "unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202 (1988). The court sees no reason that principle should not apply to arbitration awards.  In arbitration as well as litigation, the question of attorney's fees is an issue "collateral to and separate from the decision on the merits." *Id*. at 200. The different forum does not alter that fact. Therefore, the court finds that the arbitration award was final and subject to review.

### C.    Compelling Judicial Estoppel Claims to Arbitration

Mr. Leo argues that "this action should be dismissed and Wholesalecars.com should be compelled to raise its judicial estoppel argument in the arbitral forum as the parties agreed." (Doc 12 at 11). In support of his argument, Mr. Leo cites an opinion of Judge Acker admonishing a party for "travel[ing] two tracks simultaneously towards the same goal" by seeking interim equitable relief from both the court and an arbitrator. *Prudential Sec., Inc. v. Schrimsher*, 179 F Supp. 2d 1306, 1309 (N.D. Ala 2001).

Wholesalecars.com has not traveled two tracks simultaneously. Instead,

Wholesalecars.com presented its claims and defenses to an arbiter, who issued an award. Only *after* the award was issued did Wholesalecars.com seek relief from this court. Wholsalecars.com followed the proper procedure contained in 9 U.S.C. § 10 to vacate an arbitration award; it did not simultaneously seek the same relief from different judicial bodies. Further, Wholesalescars.com could not have presented its judicial estoppel claim during the previous arbitration because it did not learn of the potential existence of the defense until after the hearing occurred.

The court reserves judgment on whether Wholesalecars.com's judicial estoppel claim is ultimately arbitrable, as the parties have not truly briefed that issue. However, what is clear is that this action should not be dismissed at this point because Wholesalecars.com has properly moved under 9 U.S.C. § 10 to vacate the arbitration award on the basis it was obtained through fraud. If the court finds that the award is due to be vacated, the court would then consider whether Ms. Hutcherson should be estopped from pursuing her claim, the case should be remanded to the previous arbitration panel for consideration of the estoppel defense, or if a new arbitration should be conducted.

D.  **Staying Case Pending the Eleventh Circuit's Decision in *Slater***

Mr. Leo argues that the court should stay, or completely dismiss, this case pending the Eleventh Circuit Court of Appeal's rehearing in *Slater v. U.S. Steel Corp.*, 820 F.3d 1193 (11th Cir. 2016).  The court will not stay or dismiss this case because *Slater* is inapposite. Judge Tjoflat's special concurrence in *Slater* called for an *en banc* court to reconsider judicial estoppel because the doctrine was "a judge-made rule that punishes innocent parties in the debtor's stead." *Id* at 1249. The question under consideration by the *en banc* court will likely be whether the

6

doctrine should be applied against a blameless trustee. Here, Wholesalecars.com does not seek to estop the trustee, only Ms. Hutcherson. *See* (Doc. 16 at 13) ("Wholesalcars does not contended that judicial estoppel applies against the Trustee in this case, only against Hutcherson."). Accordingly, the court sees no reason it need stay or dismiss this case in anticipation of the *en banc* decision in *Slater*.

### III. CONCLUSION

Now that the court has addressed the threshold issues of the proper parties and the finality of the award in question, the court can consider arguments on the merits of the petition. Therefore, the court **ORDERS** Ms. Hutcherson and Mr. Leo to file a response to Wholesalecars.com's petition addressing two issues: (1) whether the arbitration award should be vacated under 9 U.S.C. § 10 because it was procured by corruption, fraud, or undue means; and (2) whether Ms. Hutcherson should be judicially estopped from enforcing the award or otherwise pursuing her claim (including whether the judicial estoppel defense is arbitrable). The responses are due March 24, 2017. Wholesalecars.com's replies will be due April 7, 2017.

**DONE** and **ORDERED** this 3rd day of March, 2017.

_/s/ Karon O. Bowdre_
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE