## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **WHOLESALECARS.COM,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **2:16-cv-00155-KOB** |
| | ] | |
| **CORY HUTCHERSON,** | ] | |
| | ] | |
| **Defendant.** | ] | |

## MEMORANDUM OPINION AND ORDER

Defendant Cory Hutcherson filed for Chapter 7 bankruptcy while engaged in arbitration of an employment discrimination claim against plaintiff Wholesalecars.com. Ms. Hutcherson did not disclose her bankruptcy petition to the arbitrator, and she did not disclose the pending arbitration to the Bankruptcy Court. Ms. Hutcherson received a $116,677.22 arbitration award and did not disclose the award to the Bankruptcy Court.

This matter comes before the court on Wholesalecars.com's "Motion to Vacate Arbitration Award and/or Preclude Enforcement Thereof" (doc. 1) and Ms. Hutcherson's response styled as a "motion to dismiss" (doc. 18). Upon filing for Chapter 7 bankruptcy protection, the petitioner's assets, including legal claims, become the property of the bankruptcy estate; thus Wholesalecars.com argues Ms. Hutcherson fraudulently procured the arbitration award by pursuing arbitration in

her own name when the standing to do so belonged to the bankruptcy trustee. Accordingly, Wholesalecars.com asks the court to vacate the award under Title 9 U.S.C. § 10(a). Alternatively, Wholesalecars.com asks the court to judicially estop Ms. Hutcherson from enforcing the arbitration award because she intentionally hid the award from her creditors, the bankruptcy trustee, and the Bankruptcy Court.

As discussed below, because Ms. Hutcherson's lack of standing did not affect the arbitrator's final decision, Ms. Hutcherson did not procure her award by fraud for purposes of Title 9 U.S.C. § 10(a). Accordingly, the court denies Wholesalecars.com's motion to the extent that it requests vacatur under Title 9 U.S.C. § 10(a). But because Ms. Hutcherson omitted her cause of action and arbitration award from her original and amended bankruptcy schedules and denied under oath that she was suing anyone, the court grants Wholesalecars.com's motion to the extent that it requests the court to judicially estop Ms. Hutcherson from enforcing the award in her name. The court does not preclude the bankruptcy trustee from enforcing the final award in the interest of the bankruptcy estate. To the extent that Ms. Hutcherson's response styled as a "motion to dismiss" is a motion to dismiss, the court denies the motion.

I.    **BACKGROUND**

On July 18, 2014, Ms. Hutcherson sued Wholesalecars.com, her prior employer, in the Northern District of Alabama, alleging that the company illegally

terminated her because she was pregnant. *See Hutcherson v. Wholesalecars.com*, 2:14-cv-01382-WMA. At Wholesalecars.com's request, the court compelled the case to arbitration. (Doc. 1 at 2). The timing of subsequent events plays a key role in resolution of this matter.

On September 8 and 9, 2015, Ms. Hutcherson and Wholesalecars.com participated in an arbitration hearing of her employment claim. (Doc. 1-7 at 4).

On September 25, 2015, Ms. Hutcherson filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Alabama. (Doc. 1-1). She did not disclose her suit against Wholesalecars.com in the schedules attached to her petition. (*See* Doc. 1-1; Doc. 1-2; Doc. 1-3; Doc. 1-5; Doc. 1-6). The petition required Ms. Hutcherson to report the suit on Schedule B, Schedule C, or the Statement of Financial Affairs. (*See* Doc. 1-2; Doc. 1-3; Doc. 1-5). Ms. Hutcherson reported $75,675.00 as the total value of her assets. (Doc. 1-1 at 33). She signed her petition under penalty of perjury. (Doc. 1-1 at 4).

On October 1 and 22, 2015, Ms. Hutcherson's attorney filed post-hearing briefs in arbitration. (Doc. 1-7 at 4). Ms. Hutcherson's attorney did not disclose the bankruptcy to the arbitrator in either brief. (*See* Doc. 1-8; Doc. 1-9).

On November 6, 2015, Ms. Hutcherson attended the creditors meeting in her bankruptcy case. (Doc. 1-10). At the meeting, the bankruptcy trustee specifically asked Ms. Hutcherson, "[a]re you suing anyone for any reason?" (*Id*.). Under

oath, Ms. Hutcherson responded, "[n]o sir."  (*Id*.).

On November 24, 2015, the arbitrator awarded $116,677.22 to Ms. Hutcherson.  (Doc. 1-7 at 21).

On January 4, 2016, Ms. Hutcherson filed amended bankruptcy schedules to disclose previously unscheduled debts.  (Doc. 1-11).  She did not disclose the award or adjust the value of her assets.  (*See* Doc. 1-1; Doc. 1-11).

On January 7, 2016, the Bankruptcy Court discharged Ms. Hutcherson's debts.  (Doc. 1-12).

On January 28, 2016, Wholesalecars.com filed its "Motion to Vacate Arbitration Award and/or Preclude Enforcement Thereof."  (Doc. 1).  Wholesalecars.com argues that the court should vacate the arbitration award pursuant to Title 9 U.S.C. § 10(a) because Ms. Hutcherson procured the award by fraud.  (*Id.* at 5-6).  It alleges Ms. Hutcherson committed fraud by not disclosing her bankruptcy in arbitration and vice-versa, thus hiding an asset from her bankruptcy estate and falsely representing to the arbitrator that she had standing to pursue a claim that belonged to the bankruptcy estate.  (*Id.* at 20-21).  Additionally, Wholesalecars.com argues that judicial estoppel bars Ms. Hutcherson from enforcing the arbitration award.  (*Id*. at 6).

On March 3, 2017, this court permitted Rocco J. Leo, the trustee of Ms. Hutcherson's bankruptcy estate, to intervene in this case.  (Doc. 17 at 3).

Also on March 3, 2017, the court ordered Ms. Hutcherson and Mr. Leo to file a response to Wholesalecars.com's motion addressing two issues: (1) whether the arbitration award should be vacated under Title 9 U.S.C. § 10 because it was procured by corruption, fraud, or undue means; and (2) whether Ms. Hutcherson should be judicially estopped from enforcing the award or from otherwise pursuing her claim, including whether the judicial estoppel defense should be arbitrated. (Doc. 17 at 7).

Subsequently, Ms. Hutcherson filed a response styled as a "Motion to Dismiss," (doc. 18), a "Response to Plaintiff's Motion to Stay Proceedings," (doc. 19), a "Response to Motion to Vacate Arbitration Award," (doc. 20), and a "Response to Court Order of 3/3/17" (doc. 21). In the "Response to Motion to Vacate Arbitration Award," Ms. Hutcherson's attorney offers unsworn hearsay statements from Ms. Hutcherson to explain why she did not disclose her claims against Wholesalecars.com to the Bankruptcy Court. (Doc. 20 at 2).

In his response to the motion to vacate, Mr. Leo argues that Ms. Hutcherson did not fraudulently procure the arbitration award by failing to disclose the arbitration to the Bankruptcy Court. (Doc. 24 at 1-2, 7). Also, Mr. Leo argues that the judicial estoppel issue is not a justiciable controversy because Ms. Hutcherson has not asserted an interest in the award. (*Id.* at 12-13).

Wholesalecars.com replied to each response. (Docs. 25-28). The parties

have fully briefed the issues specified by the court's March 3, 2017 order and the issues are ripe for resolution.

## II.    DISCUSSION

### a. Vacatur Under Title 9 U.S.C. § 10

The Federal Arbitration Act (FAA), Title 9 U.S.C. §§ 1-16, controls the court's "very limited" review of an arbitration award. *Brown v. Rauscher Pierce Refsnes, Inc.*, 994 F.2d 775, 778 (11th Cir. 1993). The court must confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA]." 9 U.S.C § 9.

Pursuant to Title 9 U.S.C. § 10(a)(1), the court may vacate an arbitration award "procured by corruption, fraud, or undue means." The Eleventh Circuit applies a three-part test to review whether a party procured an award by fraud: (1) the movant must establish fraud by clear and convincing evidence; (2) the fraud must not have been discoverable by the exercise of due diligence before or during the arbitration; and (3) the fraud must materially relate to an issue in the arbitration. *Bonar v. Dean Witter Reynolds, Inc.*, 835 F.2d 1378, 1383 (11th Cir. 1988).

Under the third prong in *Bonar*, the fraud materially relates to an issue in the arbitration if it impacts the arbitrator's decision. *See Bonar*, 835 F.2d at 1385 (finding that because the arbitrator relied on perjured testimony from an expert

witness with falsified credentials, the fraud materially related to an issue in arbitration); *Scott v. Prudential Sec., Inc.*, 141 F.3d 1007, 1015 n.16 (11th Cir. 1998) (explaining that the arbitrators "had all the material information before them, a fact that precludes vacatur under § 10(a)(1)"); *MCI Constructors, LLC v. City Of Greensboro*, 610 F.3d 849, 859 (4th Cir. 2010) (citing *Bonar* and denying vacatur when the moving party did not offer "any evidence that the undue means in dispute actually factored into the arbitration panel's liability determination"); *Forsythe Int'l, S.A. v. Gibbs Oil Co. of Texas*, 915 F.2d 1017, 1022 (5th Cir. 1990) (citing *Bonar* to support that the "procured by" fraud language requires a "nexus between the alleged fraud and the basis for the panel's decision").

Wholesalecars.com's motion to vacate fails under the "materially relate" prong in *Bonar*. Wholesalecars.com has not demonstrated how Ms. Hutcherson's failure to disclose her bankruptcy filing affected the arbitrator's decision. The arbitrator found that Wholesalecars.com did not refute Ms. Hutcherson's direct evidence of pregnancy discrimination or offer any legitimate explanation for terminating Ms. Hutcherson. (Doc. 1-7 at 10-14). The arbitrator's decision, the merits of the case, and Wholesalecars.com's ability to present its defense would not have changed had Ms. Hutcherson revealed her lack of standing and the trustee was appropriately substituted in to the arbitration.

Because Wholesalecars.com has not established that the alleged fraud

materially related to an issue in arbitration, the court denies Wholesalecars.com's

motion to the extent that it requests vacatur under Title 9 U.S.C. § 10(a).

**b. Judicial Estoppel**

Wholesalecars.com asks the court to judicially estop Ms. Hutcherson from

enforcing the arbitration award in her own name. Wholesalecars.com argues that

Ms. Hutcherson intentionally hid her claims from the Bankruptcy Court to keep the

arbitration award away from the claims of her creditors. The court agrees.

"[T]he doctrine of judicial estoppel rests on the principle that absent any

good explanation, a party should not be allowed to gain an advantage by litigation

on one theory, and then seek an inconsistent advantage by pursuing an

incompatible theory." *Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1180-81 (11th

Cir. 2017) (citations and quotation marks omitted). When a Chapter 7 debtor does

not disclose to the bankruptcy court a civil action she pursues against a defendant,

a court may judicially estop the debtor from pursuing the civil action if the debtor

"intended to make a mockery of the judicial system." *Slater*, 871 F.3d at 1180.

To determine whether a party intended to make a mockery of the judicial

system, "a court should look to all the facts and circumstances of the particular

case." *Slater*, 871 F.3d at 1185. As the Eleventh Circuit instructed,

> . . . the court may consider such factors as the plaintiff's level of
> sophistication, whether and under what circumstances the plaintiff
> corrected the disclosures, whether the plaintiff told his bankruptcy
> attorney about the civil claims before filing the bankruptcy

disclosures, whether the trustee or creditors were aware of the civil lawsuit or claims before the plaintiff amended the disclosures, whether the plaintiff identified other lawsuits to which he was party, and any findings or actions by the bankruptcy court after the omission was discovered.

*Slater*, 871 F.3d at 1185. In addition, the court "is free to consider any fact or factor it deems relevant to the intent inquiry." *Id.* at 1185 n.9.

Ms. Hutcherson had three opportunities to disclose her lawsuit. She omitted the lawsuit from her original bankruptcy schedules, denied under oath at the creditors meeting that she was suing anyone, and omitted the arbitration award from her amended bankruptcy schedules. She never attempted to disclose the lawsuit before Wholesalecars.com filed its motion to vacate after the Bankruptcy Court discharged her debts.

Her first opportunity to disclose her claim against Wholesalecars.com was when she filed her bankruptcy petition 14 months after she brought suit against Wholesalecars.com. She failed to do so. By itself, this omission does not demonstrate intent to make a mockery of the judicial system. Indeed, "[i]t is not difficult to imagine that some debtors . . . may not realize that a pending lawsuit qualifies as a 'contingent and unliquidated claim'" or a "'suit[]and administrative proceeding[] to which the debtor is or was a party'" as defined by the bankruptcy schedules. *Slater*, 871 F.3d at 1186. So the court gives Ms. Hutcherson the benefit of the doubt as to her first omission from her bankruptcy schedules of her claims

against Wholesalecars.com.  But the court considers all facts and circumstances together and the court cannot excuse the remainder of Ms. Hutcherson's conduct.

Next, and most egregiously, at the November 6, 2015 bankruptcy creditors meeting, Ms. Hutcherson plainly denied under oath that she was suing anyone when she was suing Wholesalecars.com.  The bankruptcy trustee unambiguously asked Ms. Hutcherson if she was "suing anyone for any reason" and she responded under oath with "no sir."  (Doc. 1-10).  Ms. Hutcherson had little room to misunderstand the simple question and her answer was false—she was in fact suing Wholesalecars.com and actively pursuing that case in arbitration.  She sued Wholesalecars.com on July 18, 2014.  *See Hutcherson v. Wholesalecars.com*, 2:14-cv-01382-WMA.  She testified at the arbitration hearing on September 8 or 9, 2015.  (Doc. 1-7 at 4).  Her attorney filed post-hearing briefs on October 1 and 22, 2015.  (*Id.*)  But the arbitrator had not issued any decision at the time of the creditors meeting.  (*See id*.).

The court questions what else Ms. Hutcherson could reasonably consider her action against Wholesalecars.com to be besides "suing anyone."  Perhaps Ms. Hutcherson did not understand that pending arbitration is "suing anyone" or that the lawsuit did not end after the arbitration hearing.  However, given that she filed a claim with the EEOC, then initiated the lawsuit, sought monetary damages, personally participated in the hearing, and did not receive any indication that the

suit ended, the court doubts that she could reasonably misunderstand the trustee's straightforward question: "are you suing anyone for any reason?"

Then on November 24, 2015, the arbitrator unambiguously communicated that Ms. Hutcherson owned a right to payment of $116,677.22 from Wholesalecars.com. (Doc. 1-7 at 23). Approximately six weeks later, Ms. Hutcherson filed amended bankruptcy schedules to report previously unscheduled *liabilities*. (Doc. 1-11). She represented that she read the "true and correct" schedules by signing the "declaration under penalty of perjury" attached to the schedules. (*Id.* at 25). The schedules were not true and correct because Ms. Hutcherson did not adjust the value of her assets to include the $116,677.22 arbitration award. (*See id.*; Doc. 1-1 at 33).

Unlike the first omission, the court cannot construe this omission as a mere misunderstanding. When Ms. Hutcherson again represented that she did not have any previously unscheduled assets, Ms. Hutcherson knew she possessed an award from a prepetition cause of action worth $116,677.22. The size of the award itself—the award exceeds the total value of her scheduled assets by $41,002.22— evidences Ms. Hutcherson's awareness of and motive to conceal the award. Furthermore, she amended her liabilities on a form that prompted her to also report the value of her assets. (*See* Doc. 1-11 at 23). Because Ms. Hutcherson knew she had a duty to report—and did report—previously unscheduled *liabilities*, she likely

knew she had to report previously unscheduled *assets* as well.

To explain why Ms. Hutcherson did not disclose her lawsuit to the Bankruptcy Court, her attorney—who was not her bankruptcy attorney—offers unsworn hearsay statements without an affidavit from Ms. Hutcherson. Although not properly before the court because the statements are hearsay, in an abundance of caution, the court has considered whether it can give any weight at all to these statements. [1] The statements do not alter the court's decision.

Ms. Hutcherson's attorney states that Ms. Hutcherson told her bankruptcy attorney about a deposition before filing for bankruptcy and signed her petition in the presence of her attorney's secretary who did not review the forms with her. (Doc. 20 at 2). This explanation might demonstrate that Ms. Hutcherson initially disclosed to her bankruptcy attorney something about some legal proceeding in which she gave a deposition. Under *Slater*, the court considers in Ms. Hutcherson's favor whether she "told [her] bankruptcy attorney about the civil claims before filing the bankruptcy disclosures." *Slater*, 871 F.3d at 1185.

---

[1] The statements are hearsay because Ms. Hutcherson's attorney states what Ms. Hutcherson told him. *See* Fed. R. Evid. 801(c). Although this case does not come before the court on a motion for summary judgment, "'a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be reduced to admissible evidence at trial or reduced to admissible form.'" *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1293-94 (11th Cir. 2012) (quoting *Macuba v. Deboer*, 193 F.3d 1316, 1323 (11th Cir. 1999)). The court considers the hearsay statements in passing because the statements could be reduced to admissible form in a sworn affidavit from Ms. Hutcherson. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lambros*, 1 F. Supp. 2d 1337, 1342 (M.D. Fla. 1998) (considering hearsay statements from a party's attorney on a motion to vacate arbitration award).

Ms. Hutcherson's attorney states that Ms. Hutcherson did not report the award in her amended schedules because she "did not realize she had a duty to report the award." (Doc. 20 at 2). The court is not convinced. Ms. Hutcherson knew she had a duty to report—and did report—previously unscheduled liabilities, yet she made no attempt to report a previously unscheduled and substantial asset she knew she possessed. Someone does not forget a recently awarded $116,677.22 asset.

In addition, Ms. Hutcherson's attorney does not justify Ms. Hutcherson's conduct at the creditors meeting. Ms. Hutcherson's attorney states that Ms. Hutcherson "was aware of the arbitration. She was not asked about claims or depositions or arbitration. She answered all questions honestly to the best of her ability." (Doc. 20 at 2). These statements fail to alleviate the court's suspicion that Ms. Hutcherson did understand that she was suing Wholesalecars.com because her case began as a charge of discrimination with the EEOC then moved to litigation in court before going to arbitration. She did not answer honestly the direct question, "are you suing anyone for any reason?" The question was not a trick question. If she did not understand the direct and straightforward question, she should have asked for clarification. She did not do so, and answered falsely without an articulated reason to do so.

Based on the foregoing reasons, the court infers that Ms. Hutcherson

intended to make a mockery of the judicial system by intentionally hiding her lawsuit and arbitration award from the Bankruptcy Court to keep the award away from her creditors. Accordingly, the court grants Wholesalecars.com's motion to the extent that it requests the court to judicially estop Ms. Hutcherson from enforcing the arbitration award in her name.

The court does not judicially estop Mr. Leo, as bankruptcy trustee, from enforcing the award in the interest of the bankruptcy estate. Mr. Leo never took inconsistent positions under oath. The court has not vacated or set aside the award. The award remains final but belongs to the bankruptcy estate.

## III. CONCLUSION

The court **DENIES IN PART** Wholesalecars.com's motion to the extent that it requests the court to vacate the arbitration award under Title 9 U.S.C. § 10(a). The court **GRANTS IN PART** Wholesalecars.com's motion to the extent that it requests the court to judicially estop Ms. Hutcherson from enforcing the arbitration award. The court **DENIES** Ms. Hutcherson's response styled as a "motion to dismiss" to the extent that it is a motion to dismiss.

**DONE** and **ORDERED** this 27th day of March, 2018.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE